IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELODY L. TAYLOR, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:12-cv-2750-P-BN |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Melody Taylor seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be reversed in part and remanded to the Commissioner for further proceedings consistent with these findings, conclusions, and recommendation.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including bipolar disorder, obsessive compulsive disorder, sleep apnea, obesity, foot problems, pain in her coccyx, sacroiliac joint pain, knee pain, hip pain, and arthritis. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 20, 2011. At the time

of the hearing, Plaintiff was 48 years old. She is a high school and college graduate and has past work experience as a special education teacher and teacher's aide. Plaintiff has not engaged in substantial gainful activity since December 31, 2008.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from bipolar disorder, obsessive compulsive disorder, hip pain, and obesity, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working as an electronics worker, an assembler, and a baker worker – jobs that exist in significant numbers in the national economy. Given her age, education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines.

Plaintiff appealed that decision to the Appeals Council. The Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on four grounds: (1) the ALJ's failure to assess Plaintiff's left-shoulder impairment; (2) the ALJ breached her "heightened factual exploration duty" by not "scrupulously and conscientiously" developing evidence of the effects of plaintiff's 1986

brain surgery; (3) the ALJ's implicit findings that Plaintiff (i) has no difficulty interacting with supervisors or accepting criticism; (ii) has no difficulty adapting to workplace change, and (iii) has no abnormal reaction to workplace stress, are not supported by substantial evidence; and (4) the Appeals Council erred by not remanding Plaintiff's new evidence to the ALJ for reconsideration.

The ALJ also found that Plaintiff was not entitled to disability benefits because her alleged disability onset date (December 31, 2008) is preceded by her date last insured for disability benefits (June 31, 2007). Plaintiff does not challenge the ALJ's decision as to disability benefits. Therefore, the undersigned's findings. conclusions, and recommendation relate solely to Plaintiff's claim for SSI benefits.

The undersigned recommends that the hearing decision be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings, conclusions, and recommendation.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court

does not try the issues *de novo*. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective

evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *See Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

One ground for reversal urged by Plaintiff merits relief. Plaintiff argues that the Appeals Council erred by not remanding Plaintiff's new evidence to the ALJ for reconsideration. Because some of the new evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, the case should be remanded so that the Commissioner can fully evaluate the new evidence as required by law.

Whether the Appeals Council Erred by not Remanding
<u>Plaintiff's New Evidence to the ALJ for Reconsideration</u>

Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. *See* 20 C.F.R. §§ 404.970(b), 404.976(b); *see also Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 332 (N.D. Tex. 2003). The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant. *See id.* The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the "final decision" and, as such, is reviewable in federal court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005). In the Fifth Circuit, "evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision." *McGee v. Astrue*, No. 08-831, 2009 WL 2841113, at *6 (W.D. La. Aug.28, 2009) (citing *Higginbotham*, 405 F.3d at 332 and *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006) ("*Higginbotham II*")). New evidence justifies remand only if it is material. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003); *James v. Astrue*, No. 3-11-cv-136-BD, 2012 WL 920014, at *4 (N.D. Tex. Mar. 19, 2012).

Evidence is "material" if: (1) it relates to the time period for which the disability benefits were denied; and (2) there is a reasonable possibility that it would have changed the outcome of the disability determination. *See James*, 2012 WL 920014, at *4. If new evidence is presented while the case is pending review by the Appeals Council, a court will review the record as a whole, including the additional evidence,

to determine whether the Commissioner's findings are still supported by substantial evidence. *See id.* (citing *Higginbotham*, 163 F. App'x at 281-82).

If the Appeals Council has failed to sufficiently evaluate new medical evidence that is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, the case should be remanded to the Commissioner so that the new evidence can be properly weighed. *See Booker v. Astrue*, No. 3:10-cv-1940-P-BF, 2011 WL 4031096, at *7 (N.D. Tex. Aug. 15, 2011), *rec. adopted* 2011 WL 4048408 (N.D. Tex. Sept. 12, 2011) (collecting cases); *see also Brown v. Astrue*, No. 3-10-cv-275-O, 2010 WL 3895509, at *4-*6 (N.D. Tex. Sept. 13, 2010) (remand required where the Appeals Council noted that it had considered the new evidence but information did not provide basis to change the ALJ's decision, yet new evidence significantly conflicted with the ALJ's assessment of Plaintiff's work abilities); *Lee v. Astrue*, No. 3-10-cv-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (remanding to Commissioner for reconsideration where Appeals Council failed to specifically address new evidence that diluted the record to the point that Commissioner's determination was insufficiently supported).

In this case, several of the new evidence records submitted to the Appeals Council contradict the ALJ's findings regarding Plaintiff's left shoulder pain and sacroiliac joint pain. In her decision, the ALJ found with regard to Plaintiff's joint pain and musculoskeletal impairments that

> despite the claimant's obesity and her musculoskeletal impairments she is able to perform work of light exertion. She has required little treatment

>for musculoskeletal complaints, does not take prescribed pain medication and the objective findings indicate little wrong with her joints or spine.

Dkt. No. 13-2 at 14. The ALJ's finding that Plaintiff was not disabled based on her physical impairments relies largely on Plaintiff's lack of treatment and lack of objective findings. *See id.* at 13-14.

However, Plaintiff submitted new evidence to the Appeals Council that showed that Plaintiff had received treatment for joint/arthritic pain in her left shoulder and pain in her sacroiliac joint. For example, on December 28, 2011, Dr. Ahmad Elsharydah diagnosed Plaintiff with sacroiliac joint dysfunction and shoulder arthritis. *See* Dkt. No. 13-8 at 471. He listed December 28, 2009 as the date of onset for Plaintiff's injuries, *see id.*, which is well within the time period for which Plaintiff's disability benefits were denied. With regards to Plaintiff's left shoulder, Dr. Elsharydah noted pain, a limited range of motion, and an abnormal MRI. *See id.* With regard to Plaintiff's sacroiliac joint pain, Dr. Elsharydah noted that Plaintiff came to Parkland Hospital for an injection to relieve pain in her sacroiliac joint. Dr. Elsharydah noted that Plaintiff also had a joint injection several months ago which helped with the pain. *See id.* at 467. Parkland Hospital treatment records from the December 28, 2011 visit reflect that Plaintiff had "slow gait with difficulty walking on her heels and toes, some tenderness to palpation of spine/paraspinal muscles, significant tenderness to palpation of right sacroiliac joints." *Id.* at 469.

These records, which the ALJ did not have the benefit of reviewing, contradict the ALJ's rationale for finding that Plaintiff's physical impairments were not disabling.

The undersigned takes no position as to whether Plaintiff is disabled. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (internal quotation marks omitted). But a reasonable possibility exists that these new treatment records would have changed the ALJ's determination. Under these circumstances, the Appeals Council's standard form rejection of Plaintiff's new evidence is ambiguous and unpersuasive. Accordingly, this case should be remanded for further consideration in light of the new evidence of physical impairments Plaintiff submitted to the Appeals Council.

The undersigned notes that Plaintiff's new evidence concerning her mental illness and history of suicidal thoughts, attempts, and psychiatric hospitalizations need not be considered on remand, as this evidence is merely cumulative of the evidence already in the record before the ALJ. *See Price v. Astrue*, No. 3:09-cv-1275-BD, 2011 WL 888260, at *3-*4 (N.D. Tex. Mar. 11, 2011) (cumulative evidence is not material evidence that justifies a remand). The ALJ has already considered Plaintiff's mental health evidence and incorporated it into her decision, *see* Dkt. No. 13-2 at 12-16, and the evidence considered by the ALJ is similar to the new evidence submitted to the Appeals Council, *see, e.g.*, Dkt. No. 13-7 at 347; Dkt. No. 13-8 at 372-73, 458.

Whether the ALJ's Failure to Assess<br>
<u>Plaintiff's Left-Shoulder Impairment Requires Remand</u>

Plaintiff argues that the ALJ's failure to assess Plaintiff's left-shoulder impairment in the required manner justifies remand. However, nearly all of the evidence cited by Plaintiff is part of the new evidence that Plaintiff submitted to the

Appeals Council. In light of the undersigned's recommendation that this case be reversed and remanded to the Commissioner for consideration of such new evidence, it is not necessary, nor appropriate, for the undersigned to reverse and remand this issue – the ALJ could not assess evidence that was not before her.

Whether the ALJ Breached her "Heightened Factual
Exploration Duty" by not "Scrupulously and Conscientiously"
Developing Evidence of the Effects of Plaintiff's 1986 Brain Surgery

Plaintiff next argues that the ALJ breached her heightened factual exploration duty by not scrupulously and conscientiously developing evidence of the effects of Plaintiff's 1986 brain surgery, during which Plaintiff's right temporal lobe was removed. It is well-established that the ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Cornett v. Astrue*, 261 F. App'x 644, 647 (5th Cir. 2008) (citing *Ripley*, 67 F.3d at 557). This duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) (citing cases). Here, the ALJ considered evidence of Plaintiff's mental impairments, including Plaintiff's testimony, treatment notes, statements from her doctors, statements from examining physicians on Plaintiff's mental health, and a mental residual functional capacity assessment by a state agency physician. *See* Dkt. No. 13-2 at 15-16. Many of Plaintiff's treating, examining, and evaluating physicians were aware of Plaintiff's brain surgery, *see, e.g.*, Dkt. No. 13-7 at 263, 313, 344, and not one reported any symptoms or problems associated with the surgery. Any notes regarding the surgery were positive

– Plaintiff's seizures had stopped, and she did not need to take medication. *See id.* at 344.

However, even if the ALJ did not properly develop the record, Plaintiff has failed to demonstrate prejudice. Plaintiff has not suggested any evidence that would indicate that she is disabled as a result of her 1986 brain surgery. Under these circumstances, remand is not appropriate. *See Bowling v. Shalala*, 36 F.3d 431, 437 (5th Cir. 1994) ("We shall ... reverse an ALJ's decision for failure to develop the record adequately only if a claimant shows that he was prejudiced as a result of the hearing."). As Defendant points out, Plaintiff relies on studies and articles and presents no actual evidence that any impairment exists from the brain surgery that would necessitate an examination. Plaintiff's speculation is insufficient to show prejudice. *See Holderfield v. Comm'r of Social Security*, No. 2:11-cv-33, 2011 WL 5979631, at *5 (N.D. Miss. Nov. 29, 2011); *Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 514 (S.D. Tex. 2003).

Whether the ALJ's Implicit Findings that Plaintiff (i) has no
Difficulty Interacting with Supervisors or Accepting Criticism; (ii) has
no Difficulty Adapting to Workplace Change, and (iii) has no Abnormal
<u>Reaction to Workplace Stress are Supported by Substantial Evidence</u>

Plaintiff argues that the ALJ's implicit findings that Plaintiff (i) has no difficulty interacting with supervisors or accepting criticism; (ii) has no difficulty adapting to workplace change, and (iii) has no abnormal reaction to workplace stress are not supported by substantial evidence and were not accommodated by the RFC finding. Plaintiff alternatively argues that the ALJ failed to explain her findings on these matters in the manner required by SSR 96-8p. Finally, Plaintiff argues that the ALJ

created a facial inconsistency when she adopted Dr. Gilliland's opinion and then failed to incorporate all of the mental limitations found by Dr. Gilliland into the RFC finding. Plaintiff's arguments lack merit.

A person's RFC is her ability to perform physical and mental work activities on a regular and continuing basis notwithstanding limitations from her impairments. *See* 20 C.F.R. § 404.1545. A regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. *See* SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. Jul. 2, 1996). The ALJ is responsible for determining a claimant's RFC before considering Step 4 of the sequential evaluation process if the claimant is at the ALJ hearing level. *See* 20 C.F.R. §§ 404.1546(c), 404.1520(e), and 416.920(e). In assessing the claimant's RFC, the ALJ will consider all medical evidence as well as other evidence provided by the claimant. *See* 20 C.F.R. § 404.1545(a) (3). The RFC assessment is a function-by-function assessment, with both exertional and non-exertional factors to be considered. *See* SSR 96-8p, 1996 WL 374184, at *3-*5.

In making an RFC assessment, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence and must consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 374186, at *1 (S.S.A. Jul. 2, 1996); SSR 96-8p, 1996 WL 374184, at *5. The ALJ is permitted to draw reasonable inferences from the evidence in making her decision, but the social security rulings also caution that presumptions, speculation, and supposition do not constitute

evidence. *See, e.g.*, SSR 86-8, 1986 WL 68636, at *8 (S.S.A. 1986), *superseded in part by* SSR 91-7c, 1991 WL 231791, at *1 (S.S.A. Aug. 1, 1991) (only to the extent the SSR discusses the former procedures used to determine disability in children). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Here, the ALJ properly evaluated Plaintiff's impairments when assessing her RFC pursuant to SSR 96-8p and 20 C.F.R. §§ 404.1520a & 416.920a. At Step 2, the ALJ determined that Plaintiff suffered from severe mental impairments of bipolar disorder and obsessive compulsive disorder. At Step 3, the ALJ determined that Plaintiff's combination of impairments failed to meet the listing requirements. At both Step 3 and Step 4, the ALJ undertook an analysis of Plaintiff's mental limitations. First, the ALJ explicitly determined that Plaintiff has "moderate difficulties in social functioning and moderate difficulties in concentration persistence or pace." Dkt. No. 13-2 at 12. The ALJ's finding is compatible with Dr. Gilliland's conclusions. *See* Dkt. No. 13-7 at 277. Although Plaintiff is correct that Dr. Gilliland also assessed Plaintiff with moderate limitations in certain of the categories from 1C of the Psychiatric Review Technique Form ("PRTF"), Dr. Gilliland concluded in her narrative that "Claimant can understand, remember, and carry out only simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with co-workers and supervisors, & respond appropriately to changes in routine work setting." *Id.* at 283. The ALJ relied on Dr. Gilliland's conclusion. *See* Dkt. No. 13-2 at 16. The ALJ incorporated the limitations noted by Dr. Gilliland in the RFC finding by

determining that Plaintiff "retains the ability to understand, remember, and carry out only simple instructions and make simple decisions." *Id.* at 13. The ALJ further determined that Plaintiff "should not work with the public directly as part of her job duties." *Id.*

Plaintiff's argument is confusing, because it is not clear from the decision that the ALJ made "implicit findings that Plaintiff (i) has no difficulty interacting with supervisors or accepting criticism; (ii) has no difficulty adapting to workplace change, and (iii) has no abnormal reaction to workplace stress." Rather, the ALJ determined that Plaintiff did have certain adaptive limitations and issues interacting with others and incorporated these limitations into her RFC finding. Plaintiff appears to argue that the ALJ was required to discuss each and every one of the categories from the PRTF in the RFC finding, yet cites no cases interpreting SSR 96-8p as requiring such an undertaking. Certainly, courts in the Fifth Circuit have not required a verbatim recitation of all limitations on which the RFC is based. *See Cornejo v. Colvin*, No. EP-11-cv-470, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) ("[T]he limitations on which the RFC is based are not required to be included verbatim in the RFC or in a hypothetical to the vocational expert.") (citing *Bordelon v. Astrue*, 281 F. App'x, 418, 422-23 (5th Cir. 2008)).

The ALJ's RFC finding is supported by substantial evidence, and the ALJ explained her findings adequately pursuant to SSR 96-8p. The ALJ's RFC assessment is not in conflict with Dr. Gilliland's opinion. However, even if the ALJ did err in any of the three ways urged by Plaintiff, Plaintiff cannot demonstrate prejudice from any

such error. Dr. Gilliland ultimately concluded – as quoted at length above – that Plaintiff was able to function in a work setting with certain limitations. The ALJ adopted Dr. Gilliland's ultimate assessment. Plaintiff does not argue that Dr. Gilliland's opinion was wrong or that other sources should be afforded greater weight. Therefore, even if the ALJ had discussed the additional moderate limitations found by Dr. Gilliland, the outcome would ultimately have been the same. As such, Plaintiff has shown neither error nor prejudice.

## Recommendation

The hearing decision should be reversed in part and remanded to the Commissioner for consideration of Plaintiff's new evidence regarding her physical health.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 8, 2013

                                        DAVID L. HORAN
                                        UNITED STATES MAGISTRATE JUDGE