IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELODY L. TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2750-P-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Under 28 U.S.C. § 636(b) and an order of reference [Dkt. No. 33], Plaintiff Melody L. Taylor's Application for Attorneys' Fees Under the Equal Access to Justice Act [Dkt. No. 24] has been referred to the undersigned magistrate judge. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff successfully appealed the denial of her claim for Social Security Income. As a result, part of her claim was remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings. *See* Dkt. Nos. 23, 26, & 27.

Plaintiff then moved for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkt. No. 24. The Commissioner objected to the amount of fees sought. *See* Dkt. No. 28.

## Legal Standards and Analysis

Under the EAJA, the Court must award attorneys' fees and expenses if: (1) the claimant is the "prevailing party"; (2) the Government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). To be the "prevailing party" for purposes of the EAJA, the claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Any attorneys' fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b).

Here, as the prevailing party, Plaintiff has requested $10,259.73 in attorneys' fees based on 55.5 hours at an hourly rate of $184.86 for work on the merits, plus $1,423.42 based on 7.7 hours at the same hourly rate for defending against the Commissioner's objections to the EAJA fee application. *See* Dkt. Nos. 24 & 32. Plaintiff's counsel has submitted an itemized statement detailing the time he devoted to the case. *See* Dkt. Nos. 24-2 & 32-3.

The Commissioner does not dispute Plaintiff's entitlement to attorneys' fees but objects to both the hourly rate requested and the claimed number of attorney hours for certain tasks as unreasonable. *See* Dkt. No. 28.

I.   <u>The national consumer price index should be used to determine the hourly rate.</u>

Plaintiff's requested hourly rate of $184.86 is based on the Consumer Price Index ("CPI") for all urban consumers nationwide. *See* Dkt. No. 24 at 2-3 & n.5.

Although the Commissioner concedes that she has previously agreed to comparable rates in other cases, she contends that the United States Court of Appeals for the Fifth Circuit has stated that the Court should use the CPI rate for the Dallas-Fort Worth area. *See* Dkt. No. 28 at 1-2 (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)); *see also Benton v. Astrue*, No. 3:12-cv-974-D, 2013 WL 818758, at *1 (N.D. Tex. Mar. 5, 2013) (sustaining similar objection by the Commissioner and granting motion for attorneys' fees under the EAJA only to the extent based on the CPI rate for Dallas-Fort Worth). The inflation-adjusted CPI rate for the Dallas-Fort Worth area in 2012 is $178.23 and for 2013 is $181.07. *See* Dkt. No. 24-1.

Plaintiff's counsel contends that the hourly rate should be based on the national CPI for two reasons: he has an inter-regional practice, and the Commissioner is collaterally estopped from arguing that the hourly rate should be based on the CPI for the Dallas-Fort Worth area. Both of Plaintiff's arguments are grounded in District Judge Jane Boyle's decision in *Goin v. Astrue,* No. 3:12-cv-2471-B, 2013 WL 1797862 (N.D. Tex. Apr. 29, 2013), from which Plaintiff quotes in her Reply. *See* Dkt. No. 32 at 1-3. Plaintiff's attorney represented the plaintiff in *Goin*.

In *Goin*, Judge Boyle awarded the plaintiff attorneys' fees based on the national CPI rates because of the plaintiff's attorney's interstate and inter-regional practice and because of concerns for consistency and reliability. *See Goin*, 2013 WL 1797862, at *5. Judge Boyle explained that regional CPIs are less reliable than national CPIs because they are gathered less frequently, use smaller samples, and are more volatile than the national index. *See id*. Moreover, because Plaintiff's counsel is an interstate attorney

and only a small percentage of his work occurs in Dallas, Judge Boyle concluded that the national rate is the more appropriate and consistent rate applied to him. *See id.* The EAJA does not require uniform cost-of-living adjustments throughout each district, *see Lopez v.* Astrue, 236 F. App'x 106, 107 (5th Cir. 2007); *Yoes v. Barnhart*, 467 F.3d 426, 427 (5th Cir. 2006), and the undersigned concludes that, in light of the *Goin* decision and the fact that Plaintiff has argued that the same unusual circumstances alleged in that case apply here, application of the national CPI is appropriate in this case, *see Goin*, 2013 WL 1797862, at *5. *Compare Paul v. Colvin*, No. 3:12-cv-130-G-BH, 2013 WL 5691973, at *2-*3 (N.D. Tex. Oct. 18, 2013) ("Given Plaintiff's failure to identify any unusual circumstances, such as those alleged by the claimant in *Goin*, the most appropriate CPI to apply in this case is that of the Dallas-Fort Worth area."); *Garza v. Colvin*, No. 3:11-cv-3545-G-BN, 2013 WL 3289236, at *1-*2 (N.D. Tex. June 28, 2013) ("Although the Commissioner concedes that she has previously agreed to comparable rates in other cases, she contends that the United States Court of Appeals for the Fifth Circuit has stated that the Court should use the CPI rate for the Dallas-Fort Worth area. . . . Plaintiff has not replied to the Commissioner's arguments, and her time for doing so has expired. The undersigned agrees with the Commissioner that the proper award should be computed using the CPI rate for Dallas-Fort Worth.").

Plaintiff also argues that the Commissioner is collaterally estopped from asserting that the CPI rate for the Dallas-Fort Worth area should be applied against Plaintiff's attorney in this case. *See* Dkt. No. 32 at 3. Under the doctrine of collateral estoppel, "a party who has had issues of fact adjudicated adversely to it in an equitable

action may be collaterally estopped from relitigating the same issues ... in a subsequent legal action brought against it by a new party." *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 338 (5th Cir. 1982) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 324 (1979)). Plaintiff, who was not a party in the *Goin* case, seeks to use the *Goin* judgment "offensively" to prevent the Commissioner from relitigating the issue of her attorney's hourly rate, which was resolved in the earlier proceeding. *See Parklane Hosiery Co.*, 439 U.S. at 326 (explaining "offensive" use of collateral estoppel). Because the Commissioner had a full and fair opportunity to litigate the issue of which CPI should be applied to determine the hourly rate of Plaintiff's attorney for a case litigated in the Dallas Division of this Court, the undersigned concludes that Plaintiff may use the *Goin* judgment "offensively" to prevent the Commissioner from relitigating that issue in this case.

Accordingly, the undersigned concludes that the national CPI of $184.86 should be applied to determine the amount of Plaintiff's attorneys' fees in this case.

II.    <u>The number of hours billed by Plaintiff's attorney are reasonable.</u>

The Commissioner seeks a reduction of 17 hours from the 55.5 hours billed for Plaintiff's attorney's work on the merits, which the Commissioner contends is excessive and therefore unreasonable. "In determining the reasonableness of attorney's fees under the EAJA, [the Fifth Circuit] has adopted the 12-factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005); *see also Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995).

Under this test, "[t]o decide an appropriate attorney's fee award, the court must first calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000) (citations omitted). "The court must then determine whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the [*Johnson*] factors." *Id.* (citations omitted). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) the counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19, *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Notably, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted); *accord Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). The Fifth Circuit has therefore "held that it is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *See Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Sandoval*, 86 F. Supp. 2d at 601.

Plaintiff's attorney's work summary details tasks done each day, and the total number of hours billed for the day, but does not provide time entries for each individual task. *See* Dkt. No. 24-2. The Commissioner attacks five time entries as excessive. In each case, she seeks a reduction in hours and offers an arbitrary alternative that she considers reasonable.

First, the Commissioner seeks a reduction from 11.2 hours to 6.2 hours for the work billed for January 12 and 13, 2013. The Commissioner contends that the work done to "[w]rite sections of appellate brief explaining standard of review and harmful error rule – borrowing as much as possible (without additional charge) from prior briefing" and "[w]rite non-medical portions of 'Statement of Facts'" are unreasonable. The Commissioner argues that the standard of review is boilerplate language used by Plaintiff's attorney in prior briefing. She argues that Plaintiff's attorney had already billed 3.6 hours for, in part, reviewing the 497-page administrative record, and the Statement of Facts section of Plaintiff's brief consists of a summary of the procedural history and medical records.

The undersigned notes that Plaintiff's attorney states that he did not charge for incorporating prior briefing concerning the statement of facts. And it seems reasonable that the attorney would draw on his prior review of the administrative record to draft the Statement of Facts. The undersigned finds this time reasonable.

Second, the Commissioner seeks a reduction from 9.6 hours to 5.6 hours for the work billed for January 16 and 17, 2013. The Commissioner challenges the portions of those time entries for preparing the argument concerning the administrative law judge's ("ALJ") residual functional capacity assessment regarding Plaintiff's mental limitations, which the Commissioner characterizes as straight-forward in nature. Plaintiff's attorney should not be penalized for drafting a straight-forward argument, and he also billed for preparing other arguments on those days. The undersigned finds this time is reasonable.

Third, the Commissioner seeks a reduction from 6.2 hours to 3.2 hours for the work billed for January 18, 2013. The Commissioner challenges the portions of the time entries for revising Plaintiff's brief and "[c]onfirm[ing] proper preparation of Table of Authorities and modify[ing] same to conform to appellate conventions." The Commissioner argues that this is clerical work for which Plaintiff may not recover attorneys' fees. Plaintiff's counsel, however, engaged in a number of substantive tasks to research and write Plaintiff's brief on that day, and, although the Court agrees that Plaintiff's counsel should not be awarded attorneys' fees for clerical work that could easily be performed by support staff, the undersigned finds no basis to assume that Plaintiff's counsel spent 3 out of 6.2 hours on the Table of Authorities. And, contrary to the Commissioner's argument, the attorney did not bill for preparing the table of authorities but for correcting it. Time spent proofreading, cite checking, and correcting a brief requires some legal skill and knowledge and could not generally be easily or competently performed by clerical staff. *See Leroux v. Astrue*, No. 3:10-cv-2634-M-BH,

2012 WL 6757772, at *2 (N.D. Tex. Oct. 6, 2012), *rec. adopted*, 2013 WL 28577 (N.D. Tex. Jan. 2, 2013). The undersigned finds this time is reasonable.

Fourth, the Commissioner seeks a reduction from 4.9 hours to 2.9 hours for the work billed for March 20, 2013. The Commissioner takes issue with the portion of the time entry to "[w]rite introduction, explaining how agency's explanation of standard of review and harmful error is incorrect." According to the Commissioner, she used the same standard of review that was used by the undersigned, and no time researching or addressing the standard of review could be considered reasonable. Plaintiff's attorney responds that he was not criticizing the standard of review but, rather, the way the Commissioner's brief applied it, ignoring the *Chenery* doctrine and overstating Plaintiff's burden in showing harmful error. Plaintiff's attorney also billed that day for close study of the Commissioner's brief, research concerning legal authorities relied on by the Commissioner, and writing part of Plaintiff's reply brief. The Commissioner asserts that, in the reply, Plaintiff's attorney merely reargued points made in his opening brief. That does not negate the need to study the Commissioner's brief and conduct research before preparing the reply, however, and the attorney could not know how to respond without doing so. The undersigned finds this time is reasonable.

Fifth, the Commissioner seeks a reduction from 5.2 hours to 2.2 hours for the work billed for March 22 and 23, 2013. On those days, Plaintiff's counsel billed for, in part, studying the medical records concerning the shoulder issue highlighted in the Commissioner's brief and explaining why, when placed in chronological context, the shoulder ailment was debilitating. He also researched and wrote sections of the reply

addressing the ALJ's alleged error in not developing the record and the Appeals Council's failure to consider new evidence. This case was remanded because the Appeals Council did not remand to the ALJ to consider new evidence. Thus, the undersigned cannot say that Plaintiff's attorney's legal work on these issues was unreasonable. The undersigned finds this time is reasonable.

In conclusion, the number of hours billed by Plaintiff's attorney for work done on the merits was reasonable and consistent with awards in similar cases. Moreover, Plaintiff's attorney obtained a favorable decision for his client in this case. The undersigned finds that the 55.5 hours billed by Plaintiff's attorney for work done on the merits is reasonable and reimburseable under the EAJA.

Plaintiff's attorney also seeks reimbursement for 7.7 hours spent defending Defendant's objections to the EAJA fee application, *see INS v. Jean*, 496 U.S. 154, 164-66 (1990), and the undersigned also finds these hours to be reasonable and reimburseable under the EAJA, *compare Sandoval*, 86 F. Supp. 2d at 616-17.

III.   <u>The fee award should be made payable to Plaintiff, not her attorney.</u>

Finally, Defendant asserts that the fee award must be made payable to Plaintiff and not to her attorney. Dkt. No. 28 at 8-9. Plaintiff does not address this issue. Therefore, the undersigned finds that the fee award should be made payable to Plaintiff. *Accord Garza*, 2013 WL 3289236, at *2.

IV.   <u>Summary</u>

Plaintiff's attorney is entitled to $11,683.15 in attorneys' fees for 55.5 hours of work on the merits and 7.7 hours responding the objections to the fee application, at

the hourly rate of $184.86. The attorneys' fee award should be made payable to Plaintiff.

## Recommendation

Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act [Dkt. No. 24] should be granted, Plaintiff should be awarded $11,683.15 in attorneys' fees, and Defendant should be ordered to make the check payable to Melody L. Taylor but to mail the check to Plaintiff's attorney's address.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

-11-

DATED: January 23, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE